IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
 )
    Plaintiff, )
 )
v. ) Civ. Action No.: 3:16-cv-88-SRW
 )
MARY WIGGINS, et al. )
 )
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on plaintiff Hartford Life and Accident Insurance Company's ("Hartford's") motion for discharge of further liability and dismissal with prejudice. *See* Doc. 67. The motion is opposed by defendant Mary Wiggins.[1] None of the remaining defendants objects.

The plaintiff filed a complaint in interpleader in connection with accident and dismemberment (Hartford Policy No. ADD-10900) benefits in the amount of $94,500. Hartford has paid this amount and an amount representing applicable interest into the registry of the court. Each Defendant has filed an answer, and the guardian *ad litem* has

---

[1] The court ordered any party who opposed Hartford's motion to dismiss to file a response in opposition. (Doc. 69). Rather than filing a response, Mary Wiggins filed a letter, which the court construed as a motion for extension of time to file a response. (Doc. 72). The court granted Mary Wiggins' motion and ordered her to file a response on or before August 31, 2017. (Doc. 79). On August 29, 2017, defendant Mary Wiggins filed a letter in which she stated, "[I] do [n]ot wan[t] Hartlife ins [sic] to turn over the policy unless they turn it over to Eddie Ruffin or my [d]aughter Rodricka Wiggins and they can pay for the 2 kids [sic] … college." (Doc. 82). No other defendant opposes this motion.

filed on behalf of minor defendants A.W. and D.W. a motion for summary judgment against defendant Mary Wiggins. *See* Doc. 74. Defendants Rodricka, Derrick, and Marcus Wiggins have joined the minor defendants in moving for summary judgment. *See* Docs. 76, 87, and 88.

Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut. All of the defendants are citizens of Alabama. *See Johnson v. Jackson*, Civ. Action No. 2:17-cv-4-WHA, Docket No. 32 (M.D. Ala. Apr. 10, 2017)(citing *Am. Gen. Life Ins. Co. v. Jones*, 2008 WL 4949847, at *1 n.3 (S.D. Ala. Nov. 13, 2008) (stating "[i]n rule interpleader actions that initially satisfy the diversity and amount-in-controversy requirements of § 1332, federal courts have continued to exercise jurisdiction after the dismissal of the stakeholder, even though the remaining parties (*i.e.*, the claimants) are not diverse from each other."). Having satisfied itself as to the existence of diversity subject matter jurisdiction, the court finds that Hartford is due to be discharged from liability in this case.

Next, the court must address Hartford's request for injunctive relief. In its motion to be discharged, Hartford moves the court, "pursuant to 28 U.S.C. § 2361," to "enjoin Interpleader Defendants, and their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, or any other claimants, from instituting or pursuing any state or federal court action for the recovery of the Policy proceeds, and upon final hearing, permanently enjoin and restrain Interpleader Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, or any other claimants, from instituting or pursuing any suit or

proceedings in any state or federal court for the recovery of the Policy's proceeds or relating in any way to Hartford's (and related entities[']) actions with respect to the controversy, including benefits at issue as a result of the Policy[.]" *Id*. at 4. Because this is a rule interpleader action – and the court's jurisdiction is based in diversity and not conferred by 28 U.S.C. § 1335 – the court previously ordered Hartford to show cause why it was entitled to such relief. *See* Doc. 84. Hartford has responded. *See* Doc. 85. Hartford concedes that 28 U.S.C. § 1335 does not confer jurisdiction on this court and that accordingly, the court lacks authority to grant Hartford injunctive relief pursuant to 28 U.S.C. § 2361. However, Hartford requests that the court "construe its request for injunctive relief under 28 U.S.C. § 2361 as a request for injunctive relief under Rule 22 to preclude the defendants from attempting to re-litigate the same issues in another federal court" and asks the court to "enjoin the defendants, their attorneys, representatives, heirs and assigns from bringing a separate and future action for recovery of the subject insurance proceeds at issue in this Rule 22 interpleader action." *See* Doc. 85 at 2-3. Hartford includes legal authority for this position in its response, and attaches to the response district court orders granting such relief. *See* Docs. 85 at 2-3; 85-1. The court is satisfied that, even in a rule interpleader case, it can afford Hartford the relief it seeks. *See Johnson*, *supra*, at Doc. 32.[2] Thus, Hartford's motion is due to be granted.

---

[2] Indeed, the plaintiff in the *Johnson* case – which was represented by the same counsel who represents Hartford in this matter – requested the same relief Hartford seeks here. The *Johnson* court granted the insurer's motion for discharge and in that order "enjoined [the interpleader defendants] from instituting any state or federal action for the recovery of the proceeds" of the relevant insurance policy.

Finally, the court must realign the parties. Federal courts are required to realign the parties to reflect their interests in the litigation. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Where the parties' interests are the same, those parties must be aligned together. *See id.*

There is no dispute that the interests of the defendants A.W., D.W., Rodricka Wiggins, Derrick Wiggins, and Marcus Wiggins are the same. There is likewise no dispute that these five defendants should be aligned together on the opposite side from Mary Wiggins. Indeed, they have all joined in filing a motion for summary judgment against Mary Wiggins. Therefore, they should be realigned as defendants, and Mary Wiggins should be realigned as plaintiff.

In light of the above, it is hereby ORDERED as follows:

1. Hartford's motion (Doc. 67) is GRANTED. Hartford is discharged in this case and DISMISSED with prejudice.

2. The interpleader defendants are enjoined from instituting any state or federal action for the recovery of the proceeds under Hartford Policy No. ADD-10900.

3. Mary Wiggins is realigned as plaintiff in this matter. Defendants A.W., D.W., Rodricka Wiggins, Derrick Wiggins, and Marcus Wiggins are realigned as defendants. The parties shall style the case in a manner reflecting realignment in future pleadings. Further, the Clerk of Court is DIRECTED to take the necessary steps to change the style of this case consistently with this order.

Done, on this the 21st day of February, 2018.

                                       /s/ Susan Russ Walker\
                                       Susan Russ Walker\
                                       United States Magistrate Judge